## HYLAND vs. LOOMIS.

The county court has jurisdiction, upon the written consent of the parties, to order a reference in a case brought before it by appeal from a justice's court, where there is an *issue of fact* joined between them.

APPEAL from the order of a county court refusing to set aside a judgment entered up in that court on the report of a referee, in an action commenced in a justice's court, and brought into the county court by appeal, and referred by the latter court upon the written stipulation of the parties.

*H. C. Southworth,* for the appellant.

*D. Pratt,* for the respondent.

*By the Court,* MORGAN, J.   On a re-examination of the question presented in this case, we are of opinion that section 270 of the Code of Procedure authorizes the county court to order a reference of a cause brought into that court by appeal, where there is an *issue of fact* joined and pending in that court and which is referable under that section.   While it would seem that section 366, sub. 3, as amended in 1862, made it peremptory upon the county court, upon a summary issue of fact joined in that court, to proceed to a trial by jury, still we are of opinion that its meaning is qualified by sub. 4, which provides that the *issue of fact* so joined or brought up on appeal shall be tried in the same manner as actions commenced in the Supreme Court.   Our attention was not called to section 8 of the Code, upon the former argument.   By that section the provisions of sections 270, 271 and 272 are made applicable to actions pending in the county court, except when otherwise provided.   This provision confers upon that court the necessary authority to proceed by reference in all actions triable therein, in the same manner as the Supreme Court may proceed in like cases.

And as the report of the referee upon the whole issue is to

be regarded as the decision of the court, (§ 272,) there is no difficulty in reviewing it under section 366, subdivisions 5 and 6, or in granting a new trial under section 30, sub. 13.

The order must be affirmed, but without costs.

[*Re-argued* at the ONONDAGA GENERAL TERM, April 4, 1865. *Morgan, Bacon, Foster* and *Mullin*, Justices.]