## SUPREME COURT.

JEREMIAH COY, appellant, agt. WILLIAM F. ROWLAND, respondent.

*A county court has authority to order the reference of cases pending therein.*

*Schenectady General Term, April,* 1869.
*Present,* ROSEKRANS, POTTER *and* BOCKES, *JJ.*

THIS is an appeal from an order of reference to hear and determine, made by the county court of Saratoga county.

J. W. EIGHMY, *for appellant.*
L'AMOREAUX & DAKE, *for respondent.*

*By the court,* BOCKES, J.—The action was commenced in justice's court, where judgment was rendered for the defendant, on the verdict of a jury, for $18 75 damages and costs. The plaintiff appealed to the county court, and demanded a new trial on the issues of fact. The action was on contract, and from the pleadings it appeared, that the trial would require the examination of a long account between the parties. The plaintiff claimed judgment for $90 and costs, and the defendant claimed a balance due him of $100, for which sum he demanded judgment. When the cause was reached and called on the calendar of the county court, the action was referred by the court, on the motion of the respondent, to a referee to hear and determine, to which disposition of the case the appellant's counsel objected on the ground that the county court had no authority to order the reference, but was bound to proceed and try the case by jury.

The power to refer actions is given in certain cases by sections 270 and 271 of the Code of Procedure, one of which

cases is, where the trial of an issue of fact shall require the examination of a long account on either side (§ 271, *sub.* 1) These provisions are made applicable to actions pending in the county court (*Code*, § 8), and if there be nothing expressly limiting the operation of these provisions to the exclusion of actions pending in the latter court, the authority to refer in a case like the one under examination, is certainly beyond possible controversy.

We are referred to section 366 of the Code, which it is claimed, requires the trial of issues of fact in the county court, to be tried by jury in all cases. That section declares that if the appeal to the county court shall be from a judgment in which a new trial may be had, the court shall proceed to the trial thereof by jury, when the issues are upon a question of fact; and then follows subdivision four, which declares that any issue of fact in actions on appeal, shall be tried in the same manner as in actions in the supreme court. Section 271 and section 366 should be read together and effect should be given to both in all their parts, if not absolutely repugnant and incongruous. When read together and construed according to their plain general import, there seems to be no necessary repugnancy. In a general way, section 366 speaks of the trial as by jury, but by a distinct subdivision expressly declares, that the trial of issues shall be in the same manner as in actions commenced in the supreme court, and in the latter court references are unquestionably allowed. There is the same propriety and necessity for a reference in the county court as in the supreme court, where the trial requires the examination of a long account between the parties.

The decision in *Hyland* agt. *Loomis* (48 *Barb.*, 126), is in point, and sustains our conclusion that the county court has authority to order the reference of cases pending therein.

The order appealed from must be affirmed, with ten dollars costs of appeal.